PENDLETON, President,
delivered the resolution of the Court to the following effect:
There is clearly error as to the four defendants who are adults. Their plea of payment is not waived. The leave to plead additional matter prescribed in the order, left it optional in them to make use of it or not, as they thought proper; and, therefore, they could not be in default for not availing themselves of the privilege: But, on their failing to file a further plea, the issue, on the former, should have been tried in Court.
The case of the infant defendant has some difficulty; but, since it does not appear that he was arrested, or ever appeared to the action, (for, if the plea.for the defendants generally, comprehends him, which is doubtful, that appearance, being by attorney, was certainly error,* and rec *4 tified afterwards,) a guardian was appointed by the Court on the motion of the plaintiffs; but, it is not shewn that he acted, or ever had notice of the appointment. The appearance of the infant by him, at the rules, is not stated, but a general rule to plead given against all; and, at the next rules, the judgment by default is entered: Instead of which, the Clerk should have certified, that upon the rule to plead, no plea had been filed for the adults,' nor any appearance entered for the infant, by his guardian. Upon which, the Court would have proceeded to try the issue as to the former, and have taken steps to compel the guardian to defend the infant, if they had power to do so,* or .have assigned another guardian for the purpose. The judgment, therefore, is to be reversed, and the cause remanded to the District Court, for further proceedings to be had-therein.
The judgment was as follows:
“ The Court is of opinion, that there is error in the said judgment as to John, Ann, William and Thomas Booth Fox, defendants in the original suit, in this, that their plea of payment not having been waived, although they had leave to plead at the rules further matter prescribed by the Court, the permission was optional in them, and they could not he in default for not availing themselves of it; but, on their failing to file a further plea, the cause should have been tried in Court upon the former issue joined. And, that there is also error in the said judgment as to Henry Fox, the other defendant in the said suit, who being an infant, is not stated in the record to have appeared by his guardian to defend the suit; nor does it appear that the guardian appointed by the Court, on the motion of the defendants, ever acted under, or even had notice of such appointment; and, therefore, instead of the judgment by default entered at the rules against the infant, a motion should have been made to the Court for proceeding against that guardian, or the appointment of another for the defence, † Therefore, it is considered, that the said judgment be reversed and annulled, and that the plaintiffs recover against the defendants their costs by them expended in the prosecution of their writ aforesaid here. And it is ordered, that the cause be remanded to the said District Court for further proceedings to be had therein. ”

[* Beecher’s Case, 8 Co. 116; Frescobaldi v. Kinaston, 2 Stra. 783.]

[* See Wells’s heirs v. Winfree, 2 Munf. 342, and act of Feb. 26, 1806 c. 66, § 73, R. C. ed. 1819.]

[† See Brown v. M’Rea’s ex’rs. 4 Munf. 439, and Cole v. Pennell, et al 2 Rand. 174.]